## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| M. ABDULLAH EL-AMIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-13-3215 |
| JACK KAVANAGH, et al. | * | |
| Defendants | * | |
| | *** | |

### MEMORANDUM

Pending is defendants' motion to dismiss[1] the above-captioned civil rights complaint. ECF 18.  Plaintiff [2] was advised of his right to file an opposition response to defendants' motion and of the consequences of failing to do so (ECF 20), but has failed to oppose the motion.  The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the complaint shall be dismissed.

### Background

At all times relevant to this case plaintiff M. Abdullah El-Amin was an inmate committed to the custody of the Howard County Department of Corrections and was housed in the Howard County Detention Center.[3]  He alleges that defendant Keefe Commissary Network Sales [4] "is engaged in monopolizing in trade and commerce" at the detention center as well as in "several states." ECF 1 at p. 10.  He claims Keefe engages in price fixing and price discrimination for the

---

[1]  Also pending is plaintiff's motion for appointment of counsel (ECF 11) which is based in part on the limitations placed on him by his incarceration.  Subsequent to the filing of that motion, plaintiff was released from custody. ECF 14.

[2] This court dismissed without prejudice all claims raised on behalf of Deshawn Jones by order dated November 6, 2013.  ECF 4.

[3] Plaintiff is no longer detained in the detention center.  ECF 17.

[4]  Service on this defendant was never effected.  ECF 15.

goods and services provided to inmates at the detention center.  He states the prices and fees charged are "so exorbitant  . . . they fall far outside the scope of what the law allows" and amount to racketeering and wire fraud.  *Id*.  As examples plaintiff states that inmates are charged as much as three to four times the retail value for commissary items and "nearly a nine dollar fee to electronically transfer fifty dollars."  *Id*.   Plaintiff alleges these practices allow Keefe and "others in collusion with them[5]" to profit at the expense of the prison population in "violation of their rights as institutionalized persons to be free from oppression and exploitation."  *Id.*

Plaintiff also asserts that "correctional officials" discriminate against the Muslim inmate population by prohibiting them from wearing medals and prayer caps while allowing Christian inmates to wear religious items such as a cross or rosary.  ECF 1 at p. 12.   Plaintiff states that Muslims also are denied "accurate portions of food as a pre-dawn meal" and for the meal following sunset, during Ramadan.  He further states that Muslims do not receive a hot meal on most of the days during the month-long religious observance.  Plaintiff claims that while Muslims engage in congregate worship in the detention center housing unit, correctional officers disrupt the proceedings by walking through and over the prayer lines.  He states the officers refrain from this practice when Christians are engaged in congregate worship.  Plaintiff further alleges that Muslim inmates are threatened by school and program officials with being removed from work or school if they choose to attend their mandatory Friday congregate worship.  Plaintiff claims this is due to the fact that there are no clear and precise rules regarding: (1) Muslims wearing religious medals or prayer caps; (2) distribution of meals to Muslims during Ramadan; congregate worship for Muslims; and (4) Muslim observance of Friday Jum'ah prayer services.  ECF 1 at pp. 12 – 13.

---

[5]  Plaintiff asserts that defendant Jack Kavanagh, as director of Howard County Detention Center, is responsible for, among other things, all contractual agreements with vendors who provide goods and services to the inmate population.  ECF 1 at p. 9.  Thus, it appears plaintiff includes Kavanagh in the reference to "others in collusion."

Plaintiff also claims that outgoing legal  mail is required to be left open so it can be censored and that mailroom staff refuses to deliver incoming mail on the day it arrives.  ECF 1 at p. 13.  He alleges that outgoing mail placed in the institutional mail box sometimes is not sent out of the institution for five to ten days.  *Id*.  In addition, plaintiff asserts that inmates are denied access to the court because inmates are not allowed to use the three computers and printers in the library to type and print "petitions with the court."  *Id*.

With respect to disciplinary proceedings, plaintiff claims the inmates are not afforded due process during hearings to determine their guilt or innocence of disciplinary rule violations.  He alleges that often inmates are not called for the disciplinary hearing on charges for five to ten days.  He claims that during the time an inmate is forced to wait for a hearing the officers conspire with each other to change the date of alleged rule violations "to meet their needs and convenience."  ECF 1 at p. 14.  Plaintiff asserts the delay in providing disciplinary hearings permits officers to "get their heads together and conspire to violate the inmates' rights."  *Id*.  He further alleges that any attempts to "get any justice" by filing a grievance is futile because the grievances are declared meritless and the inmate usually is given another disciplinary infraction for filing a false report.  *Id*.

### Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.*  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.  Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### Analysis

Defendant Kavanagh moves to dismiss the complaint because: (1)  plaintiff has failed to exhaust administrative remedies; (2) the complaint fails to state a claim that plaintiff's constitutional or statutory rights were violated; and (3) there is nothing in the complaint establishing defendant's personal participation in any alleged wrongdoing.  ECF 18.

The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to general conditions of confinement.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging specific incidents of unconstitutional conduct).  Exhaustion also is required even though the relief sought is not attainable through resort to the administrative remedy procedure.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim which has not been exhausted may not be considered by this court.  *See Jones v. Bock*, 549 U.S. 199, 219-20 (2007).

Administrative remedies must, however, be available to the prisoner, and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

In light of plaintiff's failure to rebut defendant Kavanagh's defense that the claims presented in the complaint have not been exhausted through the administrative remedy procedures in place at the detention center, Kavanagh is entitled to dismissal of the claims against him.  The court also observes, however, that Kavanagh is entitled to judgment in his favor because the claims asserted against him are based on a theory of *respondeat superior*, with no allegation that Kavanagh was personally involved in any alleged act infringing on plaintiff's constitutional rights.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat

5

superior liability under § 1983).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

The claims raised against the unserved corporate defendant must also be dismissed for failure to state a claim upon which relief may be granted.  The allegation that Keefe Commissary Network Sales is engaged in profiteering does not indicate violation of a constitutionally protected right.  Additionally, plaintiff fails to assert that he has suffered a cognizable injury as a result of the practices alleged.  To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of a right, privilege, or immunity secured by the Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, plaintiff must allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct," which is "likely to be redressed by the requested relief." *See Allen v. Wright*, 468 U.S. 737, 751 (1984).  Plaintiff simply has no standing to assert the rights of other inmates who may have suffered harm as the result of a constitutional violation.

A separate order dismissing the complaint follows.

May 20, 2014                                                    /s/
Date                                                       Catherine C. Blake
                                                          United States District Judge